## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DEBORAH G. CULOTTA**                                                    **CIVIL CASE**

**VERSUS**                                                                          **No. 10-2946**

**SUDEXO REMOTE SITES PARTNERSHIP**                              **SECTION "I"**

### ORDER AND REASONS

Before the Court is the motion of plaintiff, Deborah G. Culotta ("Culotta"), for reconsideration of the Court's denial of her motion for leave to amend her complaint.[1] Defendant, Sodexo Remote Sites Partnership ("Sodexo"), opposes the motion.  For the following reasons, plaintiff's motion is **DENIED**.

### BACKGROUND

Plaintiff filed her complaint in this matter on September 6, 2010.  On January 12, 2011, the Court entered a scheduling order in this matter setting forth various dates and deadlines.[2]  In pertinent part, the scheduling order stated that, "[a]mendments to pleadings, third-party actions, crossclaims, and counterclaims shall be filed no later than Friday, February 11, 2011."[3]  The parties were specifically informed that "[d]eadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion ... and upon a showing of good cause."[4] Pursuant to the scheduling order, a status conference was set for February 18, 2011,[5] though it was subsequently rescheduled for March 10, 2011.[6]

---

[1] R. Doc. No. 16.
[2] R. Doc. No. 10.
[3] Id. at 2.
[4] Id. at 4.
[5] R. Doc. Nos 10, 11.
[6] R. Doc. No. 12.

1

In the minute entry memorializing the March 10 status conference, the Court stated that "[t]he previously scheduled pretrial and trial dates[7] remain in effect. The defendant expressed its interest in filing a motion to dismiss and/or a motion for summary judgment. Prior to filing the same, counsel are ORDERED to discuss the viability of plaintiff's claims and whether or not such claims are timely."[8] Additionally, following the status conference, the Court entered an order, without objection, dismissing plaintiff's claims under the Age Discrimination in Employment Act of 1967 without prejudice.[9]  Such order further stated that "plaintiff's counsel advised that he will notify both the Court and defense counsel no later than Wednesday, March 16, 2011 with respect to whether plaintiff intends to dismiss her Equal Pay Act [("EPA")] claims."[10]

On March 18, 2011, more than four weeks after the deadline set forth in the scheduling order for amending pleadings, plaintiff filed a motion for leave to amend her complaint.[11] Contrary to the Court's orders in both the March 10, 2011 minute entry and order referenced above, Culotta neither notified the Court nor defense counsel whether she intended to dismiss any of her EPA claims.[12]  In her proposed amended complaint, plaintiff not only re-alleged her EPA claims, but she also asserted numerous new claims against Sodexo.  Plaintiff's memorandum in support of her motion for leave to amend her complaint merely stated that:

---

[7] The pretrial conference in this matter is set for September 9, 2011 and the trial is set for October 3, 2011.

[8] R. Doc. No. 14.

[9] R. Doc. No. 13.

[10] *Id.*  Although plaintiff filed her amended complaint two days after the March 16, 2011 deadline for notifying defense counsel and the Court whether she intended to dismiss her EPA claims, the Court construes the fact that plaintiff included her EPA claims in the amended complaint as indicating that plaintiff does not intend to dismiss her EPA claims.

[11] R. Doc. No. 15, 16. Plaintiff originally filed an ex parte motion for leave to amend her complaint on March 16, 2011, but upon learning of defendant's objection, plaintiff withdrew that motion and re-filed the instant motion for leave to amend her complaint.

[12] Additionally, neither party has represented to the Court that counsel for both parties discussed the viability of plaintiffs claims, including potential timeliness issues, as the Court ordered in its March 10, 2011 minute entry.

> A status conference was held under Section I's rules regarding the pleadings and causes of action. It was Petitioner's understanding that a supplemental petition would be filed to address the concerns raised by defendant, and defendant's statement that it would file a Rule 12 motion.
>
> The Court stated that is would allow an amendment if a Rule 12 motion were filed, therefore, Petitioner had until Wednesday, March 16, 2011, to decide to amend.[13]

In denying plaintiff's motion for leave to amend her complaint, the Court determined that plaintiff had failed to meet the burden imposed by *S&W Enters., L.L. C. v. South Trust Bank of Ala., N.A.,* 315 F.3d 533, 536 (5th Cir. 2003) for amending the scheduling order in this case.  As the Court stated:

> Plaintiff has failed to show good cause for amending her complaint after the deadline set forth in the scheduling order.  Plaintiff has provided no reason whatsoever with respect to why she was unable to file this amended complaint, including the new claims asserted within it, by the February 11, 2011 deadline.  Nor has plaintiff addressed the importance of the amendment, potential prejudice in allowing the amendment, or the availability of a continuance to cure any such prejudice.  In her motion, plaintiff merely states that it was her "understanding [following the March 10 status conference] that a supplemental petition would be filed to address the concerns raised by defendant, and defendant's statement that it would file a Rule 12 motion."[14]  Further, plaintiff maintains that "[t]he Court stated that is would allow an amendment if a Rule 12 motion were filed, therefore, Petitioner had until Wednesday, March 16, 2011, to decide to amend."[15]  However, neither the minute entry nor the order that were entered following the March 10, 2011 status conference reflect that the Court gave plaintiff leave to file an amended complaint.
>
> Plaintiff had notice of both the minute entry and the order.[16]  If she believed that the language contained in such documents did not reflect her understanding of the status conference, plaintiff could have asked the Court to amend them.  She did not.  As such, the record is utterly barren of any indication that the Court gave plaintiff leave to amend her complaint.

---

[13] R. Doc. No. 16.

[14] *Id.*

[15] *Id.*

[16] *Id.*

After the Court denied plaintiff's motion for leave to amend her complaint, plaintiff subsequently filed a second motion for leave to amend her complaint which was referred to the United States Magistrate Judge.  The United States Magistrate Judge denied plaintiff's motion on the grounds that the motion was essentially a motion for reconsideration of this Court's order. Subsequently, plaintiff filed a "motion to reconsider magistrate's denial of motion."[17]

In her motion for reconsideration currently pending before this Court, plaintiff simply provides a cursory examination of the S&W Enters, L.L.C. factors before discussing the relative merits of the claims that she seeks to add by amending her complaint.

### LAW AND ANALYSIS

### Reconsideration

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dept. of* Agric., 211 F.3d 959, 962 (5th Cir. 2000).  If such a motion is

---

[17] Although it is unclear from plaintiff's motion whether she seeks to appeal the United States Magistrate Judge's order denying plaintiff's motion or whether plaintiff is asking this Court to reconsider its order denying plaintiff's motion for leave to file an amended complaint, the Court will construe such motion as one for reconsideration.

The Court rejects plaintiff's assertion that her motion has not yet been heard on the merits.  Although plaintiff maintains that the Court "denied [plaintiff's motion for leave to amend her complaint] because it was not filed under the parameters of  *S&W Enters., L.L.C. v. South Trust Bank of Ala., N.A.,* 315 F.3d 533, 536 (5th Cir. 2003)," that is not an accurate statement of the Court's ruling. In denying plaintiffs motion for leave to amend her complaint, the Court determined that plaintiff had failed to meet the burden imposed by *S&W Enters., L.L.C.* for amending scheduling orders.

In *S&W Enters., L.L.C.*, the Fifth Circuit set forth the applicable standard for district courts to apply in adjudicating motions for leave to amend scheduling orders.  In ruling upon plaintiff's motion, the Court applied such standard and dismissed plaintiff's motion.  Nowhere in the Court's order does the Court state that it was denying plaintiff's motion "because it was not filed under the parameters of S&W Enters., L.L.C. . . ."  Instead, the Court dismissed plaintiff's motion pursuant to S&W Enters., L.L.C.

filed within 28 days it is considered under the standards of a Rule 59(e) motion to alter or amend

a judgment.  *Id.*[18]

> A Rule 59(e) motion 'calls into question the correctness of a judgment.'
> [The United States Court of Appeals for the Fifth Circuit] has held that
> such a motion is not the proper vehicle for rehashing evidence, legal
> theories, or arguments that could have been offered or raised before the
> entry of judgment.  Rather, Rule 59(e) 'serve[s] the narrow purpose of
> allowing a party to correct manifest errors of law or fact or to present
> newly discovered evidence.'  Reconsideration of a judgment after its
> entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004) (citations omitted); *see also*

*Baker v. Fedex Ground Package Sys.*, No. Civ.A. 04-2401, 2005 WL 2036298, at *1 (E.D. La.

Aug. 17, 2005) (Englehardt, J.) ("A court's reconsideration of a prior order is an extraordinary

remedy which should be used only sparingly and should not be used to relitigate old matters,

raise new arguments, or present evidence that could have been raised prior to the entry of

judgment.") (internal quotation marks omitted).  This Court may properly decline to consider

new arguments or new evidence on reconsideration where those arguments were available to the

movant prior to the order.  *Templet*, 367 F.3d at 478-79.

### Amending a Scheduling Order

When, as here, the deadline for seeking leave to amend pleadings has expired, a court

considering the motion to amend must first determine whether to modify the scheduling order

under the good cause standard set forth in Federal Rule of Civil Procedure 16(b)(4).  *S & W*

*Enters., L.L.C. v. South Trust Bank of Ala., N.A.,* 315 F.3d 533, 536 (5th Cir. 2003).  Rule

16(b)(4) provides that a scheduling order "shall not be modified except upon a showing of good

---

[18] The Court notes that plaintiff's motion was filed within 28 days of both this Court's order denying plaintiff's
motion to amend and plaintiff's second motion to amend which the United States Magistrate Judge denied.

cause and by leave of the district judge."  The good cause requirement for a modification of a scheduling deadline requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enter.*, F.3d at 535 (citation and internal quotation omitted).  "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.  Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id*. at 536.

A trial court has broad discretion to preserve the integrity and purpose of its pretrial orders "which, toward the end of court efficiency, is to expedite pretrial procedure." *Id*.  The Fifth Circuit has set forth a four-part test governing the exercise of this Court's discretion in determining whether a movant has established good cause. *Id*. at 536.  The Court considers (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id*.

### *Analysis*

Plaintiff argues that this Court should reconsider its earlier order in order "to correct manifest error of both fact and law" and "to prevent manifest injustice."  Although plaintiff now presents some arguments with respect to why she has shown good cause for amending the scheduling order, plaintiff did not present these arguments in her initial motion for leave to file a supplemental and amending complaint.  As stated, a motion for reconsideration is not a proper vehicle for raising arguments that could have been raised before the entry of the order or judgment in question.  Further, nothing in the plaintiff's arguments demonstrates that the motion is necessary to correct a manifest error of fact or law, that plaintiff presents newly discovered or

previously unavailable evidence, that the motion is necessary in order to prevent manifest

injustice, or that the motion is justified by an intervening change in the controlling law.

Accordingly, the Court, exercising its considerable discretion to grant or deny a motion under

Fed. R.Civ. P. 59(e), finds that plaintiff has failed to meet her burden.

### CONCLUSION

Accordingly, **IT IS ORDERED** that plaintiff's motion for reconsideration is **DENIED**.[19]

New Orleans, Louisiana, May __24th___, 2011.


_____
            **LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[19] Pursuant to plaintiff's original complaint, plaintiff has claims remaining for "breach of contract under state law" and claims brought under the EPA, "La. Civil Code 2315, et seq," and "the general tort law of Louisiana."  R. Doc. No. 1, pgs. 1-2.