UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEBORAH G. CULOTTA                                              CIVIL CASE

VERSUS                                                         No. 10-2946

SODEXO REMOTE SITES PARTNERSHIP,                               SECTION I/1
ET AL.

ORDER

Before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c) filed by Sodexo Remote Sites Partnership ("Sodexo").  Plaintiff, Deborah Culotta ("Culotta"), has filed a response.  For the following reasons, defendant's motion is **GRANTED**.

*BACKGROUND*

Culotta began her employment with Sodexo on May 10, 1983.  When Sodexo's HR director, Wayne Davis ("Davis"), was terminated for cause in April 2004, Culotta was promoted to HR director.  Culotta alleges that Bill Gabbey ("Gabbey"), the senior vice president in 2004, promised her compensation, equal to that which Davis had been receiving, through incremental salary increases during the three month period following her promotion.  Plaintiff alleges that Davis was paid $82,052 annually at the time of his termination.

Culotta's HR director salary began at $50,000 and it subsequently increased to $60,000 in 2004, $65,000 in 2005 and, ultimately, to $75,348 in 2008.  After the second increase, she allegedly questioned Gabbey about the equal pay she was promised, and he replied that "the Paris office did not approve the income level of Plaintiff's predecessor."  She alleges that she performed the same work as Davis.

1

Marit Tiegland began serving as vice president of Sodexo in 2007 and he allegedly encouraged Culotta to step down as HR Director.  In March 2008, plaintiff was moved into the newly created training and development director position.  Plaintiff alleges that her duties remained the same following such move.

In July 2008, Vince Goodwine ("Goodwine") subsequently became the senior HR director, which Culotta alleges was the same position she had vacated, and he was paid a salary of $130,000.  In 2009, Culotta became employee relations manager which is a position plaintiff alleges involved essentially the same duties that Davis and Goodwine undertook as HR directors. Culotta alleges that she was paid less in such position than either Davis or Goodwine were paid as HR directors.

On September 6, 2010, plaintiff filed this lawsuit in which she alleges violations of the Equal Pay Act ("EPA") in addition to other claims not at issue in this motion.  Defendant asserts that any of plaintiff's EPA claims that arise from any of Sodexo's allegedly discriminatory acts which occurred before September 6, 2008 must be dismissed pursuant to the EPA's two-year statute of limitations.

In her brief, plaintiff appears to argue that her claims pursuant to state tort law and other federal employment statutes are timely.  However, such claims are not at issue in this motion. Plaintiff also cites numerous cases which support *defendant's* position that any claims arising out of EPA violations that occurred before September 6, 2008 are barred by the two-year statute of limitations.  Putting aside these non-responsive and unpersuasive portions of plaintiff's brief, the Court notes that plaintiff does argue that the discriminatory acts alleged against Sodexo that

predate September 6, 2008 constitute a continuing violation[1] of the EPA such that the EPA's

two-year statute of limitations does not bar any of her EPA claims.

## LAW AND ANALYSIS

### Federal Rule of Civil Procedure 12(c)

Federal Rule of Civil Procedure 12(c) states that, "[a]fter the pleadings are closed — but

early enough not to delay trial — a party may move for judgment on the pleadings." A Rule

12(c) motion is subject to the same standard applicable to a Rule 12(b)(6) motion to dismiss for

failure to state a claim. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in

dispute and a judgment on the merits can be rendered by looking to the substance of the

pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean

Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (*citing Hebert Abstract Co. v. Touchstone

Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)). When analyzing such a claim, "[p]leadings should

be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed

issues of fact and only questions of law remain." *Id.* (*citing Hughes v. Tobacco Inst., Inc.*, 278

F.3d 417, 420 (5th Cir. 2001)). Further, a district court "may dismiss a claim when it is clear that

the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief."

*Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *see Bell Atl. Corp. v. Twombly*, 127 S. Ct.

1955, 1964-65, 167 L. Ed. 2d 929 (2007) ("Factual allegations must be enough to raise a right to

relief above the speculative level on the assumption that all allegations in the complaint are true

(even if doubtful in fact)." (citations and footnote omitted)). The Court evaluates the complaint

---

[1] The Court notes that plaintiff's complaint does not explicitly state that defendant's actions constituted a continuing violation of the EPA.

in the light most favorable to the plaintiff and accepts "all well-pleaded facts as true." *Jones*,

188 F.3d at 324. Pursuant to Rule 12(c), the movant must clearly establish that no material issue

of fact remains to be resolved and that the movant is entitled to judgment as a matter of law.

*Greenberg v. Gen. Mills Fun Group, Inc.*, 478 F.2d 254, 256 (5th Cir. 1973).  The issue is

whether the plaintiff is entitled to offer evidence to support his claim, not whether he will

ultimately prevail on the merits.  *Great Plains Trust*, 313 F.3d at 313 (*citing Jones*, 188 F.3d at

324).

### The EPA, Statute of Limitations, and the Continuing Violation Doctrine

The EPA prohibits employer discrimination "between employees on the basis of sex by

paying wages . . . at a rate less than the rate at which he pays wages to employees of the opposite

sex . . . for equal work on jobs the performance of which requires equal skill, effort, and

responsibility." 29 U.S.C. § 206(d)(1).

Violations of the EPA are subject to a two-year statute of limitations unless the violations

are willful in which case a three-year statute of limitations applies. 29 U.S.C. § 255(a).  A

defendant's violation of the Equal Pay Act is willful if "the employer either knew or showed

reckless disregard for the matter of whether its conduct was prohibited by the statute." *Polis v.*

*New School for Social Research*, 132 F.3d 115, 119 (2nd Cir. 1997) (internal quotation marks

omitted).  Plaintiff offers no argument whatsoever that her complaint alleges that defendant knew

or showed reckless disregard for the matter of whether its conduct was prohibited by the EPA.

Plaintiff does not argue in favor of a three-year statute of limitations.  Accordingly, the Court

will apply the EPA's two-year statute of limitations to plaintiff's claim.

Plaintiff argues that she should be able to recover for discriminatory acts that occurred outside of the two-year limitations period by proving a continuing violation of the EPA.[2]  As the United States Court of Appeals for the Fifth Circuit has stated with respect to the continuing violation doctrine:

> Although there is no definitive standard for what constitutes a continuing violation, the plaintiff seeking to invoke this doctrine must demonstrate more than a series of discrete discriminatory acts: "He must show an organized scheme leading to and including a present violation, such that it is the cumulative effect of the discriminatory practice, rather than any discrete occurrence, that gives rise to the cause of action." *Huckabay v. Moore,* 142 F.3d 233, 239 (5th Cir.1998) (citations omitted). This court has identified at least three factors that may be considered in determining if a continuing violation exists: (1) Do the alleged acts involve the same type of discrimination, tending to connect them in a continuing violation? (2) Are the alleged acts recurring or more in the nature of an isolated work assignment or incident? (3) Does the act have the degree of permanence which should trigger an employee's awareness of and duty to assert his or her rights? *Huckabay,* 142 F.3d at 239.
>
> . . .
>
> . . . This court's decision in *Huckabay* makes clear that a one-time employment event, including the failure to hire, promote, or train and dismals or demotions, is "the sort of discrete and salient event that should put the employee on notice that a cause of action has accrued." *Huckabay,* 142 F.3d at 240.

*Celestine v. Petroleos de Venezuela SA*, 266 F.3d 343, 352 (5th Cir. 2001).  As another federal district court sitting in Louisiana recently stated, the Fifth Circuit has emphasized that the third

---

[2] The Court notes that it is unclear whether the continuing violation doctrine applies to EPA claims.  As a district court within the Fifth Circuit has observed, "the U.S. Supreme Court has been more willing to find the continuing violations doctrine to be applicable in hostile work environment cases . . . than in other contexts, such as disparate pay claims."  *Smith v. Murphy & Sons, Inc.*, Civil Action No. 2:06cv79, 2007 WL 2475877 (N.D. Niss. Aug. 28, 2007) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)).  Nevertheless, many U.S. Courts of Appeals, pre-*Morgan*, have allowed the continuing violation doctrine to be applied to EPA claims.  *See, e.g.*, *Jenkins v. Home Ins. Co.*, 635 F.2d 310, 312 (4th Cir. 1980).  Because neither the Supreme Court nor the Fifth Circuit has explicitly held that plaintiffs are unable to recover under the EPA pursuant to a continuing violation theory, the Court assumes that plaintiff is allowed to attempt to recover under such a theory.

factor is "'perhaps of most importance,' and several other circuit courts have agreed." *Price v. PCS Nitrogen Fertilizer, L.P.*, Civil Action No. 03-153-RET-DLD, at *4 (M.D. La. March 15, 2010) (collecting cases); *see also Safford v. St. Tammany Parish Fire Protection Dist. No. 1*, No. Civ.A.02-0055, 2004 WL 32921 (E.D. La. Jan, 5 2004) (Vance, J.) (considering only the third factor in determining whether alleged discriminatory acts constituted a continuing violation).

Plaintiff has failed to state facts sufficient to allege a continuing violation of the EPA. As defendant correctly notes, Culotta has alleged that she was discriminated against in connection with a handful of promotions and demotions that occurred before September 6, 2008 (i.e., her promotion to HR director in 2004, her position change in March 2008 to training and development director, and Goodwine's hire as senior HR director in July 2008), each of which constitute a discrete act. The Court concludes that each of these acts have a "degree of permanence" which should have triggered plaintiff's awareness of and duty to assert her rights. *Celestine*, 266 F.3d 343, 352. Accordingly, plaintiff's EPA claims based on these acts are barred by the EPA's two-year statute of limitations.

Of course, this determination does not mean that plaintiff is left without any possibility of recovery under the EPA. As defendant candidly concedes, "Culotta can proceed and seek to recover damages on any claim arising or occurring between September 6, 2008 and September 6, 2010."[3]

---

[3] R. Doc. No. 38.

6

## CONCLUSION

Accordingly, **IT IS ORDERED** that defendant's motion to dismiss is **GRANTED** and that any of plaintiff's EPA claims based upon defendant's alleged violations of the EPA occurring before September 6, 2008 are barred by the EPA's two-year statute of limitations.

New Orleans, Louisiana, May __31st__, 2011.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**