## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**DEBORAH G. CULOTTA**                                                    **CIVIL ACTION**

**VERSUS**                                                                           **No. 10-2946**

**SODEXO REMOTE SITES**                                            **SECTION "I"**
**PARTNERSHIP**

## ORDER AND REASONS

Before the Court is a motion[1] for summary judgment filed by defendant Sodexo Remote

Sites Partnership ("Sodexo").  Plaintiff, Deborah G. Culotta ("Culotta"), opposes the motion.[2]

For the assigned reasons, Sodexo's motion is **GRANTED**.  Plaintiff's EPA claim is

**DISMISSED WITH PREJUDICE** and plaintiff's remaining state law claims are **DISMISSED**

**WITHOUT PREJUDICE**.

### *BACKGROUND*

This lawsuit arises out of employment discrimination that Culotta allegedly suffered as a

Sodexo employee.  Culotta began her employment with Sodexo in 1984.[3]  Over the intervening

years, Culotta received several promotions, and on May 4, 2004, she advanced to the position of

Human Resources ("HR") Director.[4]  At the time of her promotion to HR Director, then-Senior

Vice President of the Gulf of Mexico, William Gabbey ("Gabbey"), orally promised Culotta that

---

[1] R. Doc. No. 42.
[2] R. Doc. No. 51.
[3] R. Doc. No. 42-2, p. 11.
[4] R. Doc. No. 42-2, p. 27.

she would receive the same annual salary as her predecessor, Wayne Davis ("Davis").[5]  Culotta's

salary increase was to occur in three installments and she was to reach salary parity with Davis

by the end of 2004.[6]  Sodexo paid Culotta two of the three installments.[7]  Gabbey informed

Culotta that Sodexo's Paris office did not approve the final installment.[8]  Culotta never received

an annual salary equal to Davis's even though, she alleges, she performed the same job duties.[9]

She remained in the HR Director position until March 2008.[10]  During that time, Culotta received

several raises.[11]

    In March 2008, Culotta was demoted to Training and Development Director and in

September or October 2008 she became Employee Relations Manager.[12]  Sodexo did not reduce

Culotta's salary when she made either job transition.[13]  Culotta separated from her employment

with Sodexo in September 2010 and completed an intake questionnaire with the Equal

Employment Opportunity Commission ("EEOC").[14]  She also initiated this lawsuit on September

6, 2010, alleging that she was the victim of age and pay related employment discrimination, that

Sodexo employees intentionally inflicted emotional distress on her, that Sodexo breached its

contract to pay her the same salary as Davis, and that her rights under general Louisiana tort law

were violated.[15]  This Court dismissed Culotta's age discrimination claim without prejudice on

March 10, 2011.[16]

---

[5] R. Doc. No. 42-2, p. 5.
[6] R. Doc. No. 42-2, p. 19.
[7] R. Doc. No. 42-2, p. 20.
[8] R. Doc. No. 42-2, p. 61.
[9] R. Doc. No. 42-2, p. 22.
[10] R. Doc. No. 42-2, pp. 36-37.
[11] R. Doc. No. 42-2, pp. 30, 33, 39.
[12] R. Doc. No. 42-2, pp. 37-38, 42-43.
[13] R. Doc. No. 42-2, pp. 37-38, 42-43.
[14] R. Doc. No. 42-7.
[15] R. Doc. No. 1, ¶¶ 127-142.
[16] R. Doc. No. 13.

Culotta filed a motion to amend her complaint on March 26, 2011, and this Court denied her motion.[17]  The EEOC then issued Culotta a right to sue letter for age, gender, and disability discrimination on April 8, 2011.  Culotta sought leave to amend her complaint to add these claims and her motion was referred to U.S. Magistrate Judge Shushan.[18]  Judge Shushan denied Culotta's motion.[19]  Sodexo filed a motion to dismiss Culotta's time-barred EPA claims on April 27, 2011.[20]  The Court granted Sodexo's motion and held that any EPA claims arising prior to September 6, 2008, are time-barred.[21]  Finally, Culotta filed a new lawsuit alleging the claims covered in her EEOC right to sue letter on July 4, 2011 (*Culotta v. Sodexo Remote Sites Partnership*, Case No. 11-1561).[22]  At this time, these cases have not been consolidated due to the approaching trial date in the above-captioned case (No. 10-2946).

Sodexo's motion for summary judgment advances four arguments.  First, it argues that Culotta's Equal Pay Act ("EPA") claim pursuant to 29 U.S.C. § 206(d) is time-barred.  Second, it argues that her breach of contract claim has prescribed pursuant to La. Civ. Code art. 3494.  Third, according to defendant, Culotta has no evidence that any Sodexo employee intentionally inflicted emotional distress on her, and moreover, at least one intentional infliction of emotional distress claim ("IIED") has prescribed pursuant to La. Civ. Code art. 3492.  Fourth, it argues that Culotta cannot maintain a claim under Louisiana general tort law.

---

[17] R. Doc. Nos. 16 and 18.

[18] R. Doc. No. 22.

[19] R. Doc. No. 32.  Culotta then filed a "motion to reconsider magistrate's denial of motion" (R. Doc. No. 31).  This Court stated that "[a]lthough it is unclear from plaintiff's motion whether she seeks to appeal the United States Magistrate Judge's order denying plaintiff's motion or whether plaintiff is asking this Court to reconsider its order denying plaintiff's motion for leave to file an amended complaint, the Court will construe such motion as one for reconsideration."  R. Doc. No. 39, p. 4.  This Court denied Culotta's motion for reconsideration.  R. Doc. No. 39.

[20] R. Doc. No. 29.

[21] R. Doc. No. 40.

[22] Case No. 11-1561, R. Doc. No. 1.

*LAW*

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Celotex*, 477 U.S. at 323; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating " 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue.  *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor."  *Id.* at 255; see *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

4

### *DISCUSSION*

### I.  EPA Claim

Sodexo argues that Culotta's EPA claim is grounded in her promotion to HR Director in May 2004.  Culotta was demoted to Training and Development Director in March 2008.  Consequently, Sodexo argues that as of September 6, 2008, Culotta was no longer performing the position from which her EPA claim is derived.[23]  Sodexo asserts that Culotta cannot maintain a viable EPA claim because it is time-barred.

In order to establish a prima facie case pursuant to the EPA, a plaintiff must show: "(1) her employer is subject to the EPA; (2) she performed work in a position requiring equal skill, effort and responsibility under similar working conditions; and, (3) she was paid less than the employee of the opposite sex providing the basis of comparison."  *Chance v. Rice University*, 984 F.2d 151, 153 (5th Cir. 1993).  If the plaintiff is able to establish a prima facie case, "then the employer can respond with evidence that the disparate wage payments were made 'pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.' "  *Browning v. Southwest Research Institute*, 288 Fed. App'x 170, 174, 2008 WL 3009894, at *2 (5th Cir. 2008) (citing 28 U.S.C. § 206(d)(1) and quoting *Jones v. Flagship Intern.*, 793 F.2d 714, 723 n.8 (5th Cir. 1986)).  "Factors other than sex include, among other things, employees' '[d]ifferent job levels, different skill levels, previous training, and experience.'  If an employer responds with legitimate, non-discriminatory reasons for an alleged pay disparity, the plaintiff

---

[23] R. Doc. No. 42-1, pp. 10-11.  This Court has previously held that any EPA claim that Culotta may assert arising prior to September 6, 2008, is time-barred.  R. Doc. No. 40.

must then show that the purported reason is a pretext for discrimination." *Id.* (internal citations omitted).

Sodexo does not argue that the differences among Culotta's salary and those of her male colleagues are due to a seniority system, a merit system, a system measuring earnings by quantity or quality of production, or any other non sex-based factor. Instead, Sodexo argues that summary judgment is appropriate because Culotta's EPA claim based on her salary as HR Director is time-barred.

Sodexo proceeds to state in a footnote that "[t]he only potential EPA claim Culotta could have (which would not be prescribed and time barred) would concern her transfer to the Employee Benefits [sic] Manager [position] in September/October 2008."[24]  Sodexo does not address this potential EPA claim in its motion for summary judgment because "Culotta failed to allege or identify any male employee who performed equal work in the position of Employee Relations Manager, but who was paid more. In fact, there is no comparator for the Employee Relations Manager position."[25]  However, the Fifth Circuit has stated that "the job content and actual job requirements, *not the job title, classification, or description*, are determinative" regarding whether an individual performed equal work for less pay. *Montgomery v. Clayton Homes, Inc.*, 65 Fed. App'x 508, 2003 WL 1922917, at *2 (5th Cir. 2003) (citing *E.E.O.C. v. Hernando Bank, Inc.*, 724 F.2d 1188, 1196 (5th Cir. 1984)) (emphasis added). As such, Culotta is not required to identify a male employee who performed the same work as she did as Employee Relations Manager and allege that the male employee received a higher salary. Rather, Culotta must argue that she performed the same duties and responsibilities as some other

---

[24] R. Doc. No. 42-1, p. 11. Culotta was demoted to Training and Development Director before September 6, 2008. Accordingly, any EPA derived from the time she served in that position would also be time-barred.
[25] R. Doc. No. 42-1, p. 11.

male employee, regardless of his title, but she did not receive the same pay as the male employee.

Culotta maintains that although she was no longer HR Director at any time after September 6, 2008, she continued to perform the same duties as Senior HR Director Vince Goodwine[26] and that she was paid less than Goodwine.  Culotta alleges in her complaint that, after she assumed the title of Employee Relations Manager, she "was now performing [former HR Director] Wayne Davis' duties but with a different title and for less than the pay received by Wayne Davis or her successor [as Senior HR Director], [Vince] Goodwine."[27]  Sodexo responds that Culotta has not submitted any competent summary judgment evidence that "her work as Employee Relations Manager required equal skill, effort and responsibility under similar working conditions as the Senior HR Director position."[28]

To establish the second element of her prima facie case – that "she performed work in a position requiring equal skill, effort and responsibility under similar working conditions," *Chance*, *supra* – Culotta must show that "her job requirements and performance were substantially equal, though not necessarily identical, to those of" the Senior HR Director. *Reznick v. Associated Orthopedics & Sports Med.*, 104 Fed. App'x 387, 391, 2004 WL 1559571, at *3 (5th Cir. 2004).  To satisfy this burden, Culotta submits the declarations of Jennifer Edwards ("Edwards"), former Sodexo Accounting Manager/Controller, David Spurgin ("Spurgin"),

---

[26] Following Culotta's demotion from the HR Director position to Training and Development Director in March 2008, Sodexo hired Vince Goodwine to serve as the "Senior HR Director" in July 2008.  R. Doc. No. 1, ¶ 27; R. Doc. No. 59-1, p. 58.
[27] R. Doc. No. 1, ¶ 30a.
[28] R. Doc. No. 59, p. 6.

former Sodexo Safety Director, and Gabbey, former Senior Vice President of the Gulf of Mexico.[29]

"[U]nsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* 2d § 2738 (1983)).  Consequently, these declarations do not establish the second element of Culotta's prima facie case.  First, Edwards does not declare that Culotta, as Employee Relations Manager, performed the same duties as the Senior HR Director.  Second, Sodexo transferred Spurgin from the Sodexo Harahan, Louisiana, office to Australia in October 2008.[30]  As such, Spurgin does not have personal knowledge of Culotta's job duties as Employee Relations Manager and he has no foundation to assert that Culotta performed the Senior HR Director's duties.[31]  Third, Gabbey left his employment with Sodexo in November 2007 and he too does not have personal knowledge of Culotta's job duties as Employee Relations Manager.[32]

Moreover, Sodexo submits Culotta's testimony of duties for which the Senior HR Director was responsible, but for which she as Employee Relations Manager was not.  Culotta testified that the Senior HR Director managed Sodexo's OFCCP compliance, administered Sodexo's drug testing program, and interviewed, hired and set compensation for HR team managers.[33]  Culotta did not perform these duties.[34]

---

[29] R. Doc. Nos. 51-2, 51-3, and 51-4.
[30] R. Doc. No. 51-4, p. 1.
[31] R. Doc. No. 51-4, p. 2.
[32] R. Doc. No. 51-3, p. 2.
[33] R. Doc. No. 59-1, pp. 24-25, 54-56, 59-60.
[34] Goodwine did temporarily delegate the responsibility to administer Sodexo's drug testing program to Culotta for six weeks.  R. Doc. No. 59-1, p. 56.

Finally, Culotta cannot "demonstrate a fact issue by 'resting on the mere allegations of [her] pleadings.' " *Galindo*, 754 F.2d at 1216 (quoting *Russell v. Harrison*, 736 F.2d 283, 287 (5th Cir. 1984)).  The evidence before the Court does not show that, as Employee Relations Manager, Culotta's job requirements were "substantially equal" to those of the Senior HR Director.  Culotta has failed to establish her prima facie case.  Accordingly, Sodexo's motion for summary judgment regarding Culotta's EPA claim is **GRANTED**.

**II.  Culotta's Remaining State Law Claims**

Having dismissed plaintiff's federal EPA claim before trial, the Court next considers whether to exercise supplemental jurisdiction over plaintiff's remaining state law claims for breach of contract, intentional infliction of emotional distress, and any claims arising under Louisiana general tort law.  *See Cudd Pressure Control Inc. v. Roles*, 328 Fed. App'x 961, 966 n.2 (5th Cir. 2009) ("[T]the district court should keep in mind the Supreme Court's instructions that 'if the federal claims are dismissed before trial, . . . the state claims should be dismissed [or remanded] as well.'") (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). "When a court dismisses all federal claims before trial, the general rule is to dismiss any [supplemental] claims.  However the dismissal should expressly be *without* prejudice so that the plaintiff may refile in the appropriate state court." *Bass v. Parkwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999). Accordingly, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has

dismissed all claims over which it has original jurisdiction."); [35] *Severin v. Parish of Jefferson*, 357 Fed. App'x 601, 606 (5th Cir. 2009).

For the foregoing reasons,

**IT IS ORDERED** that the defendant's motion for summary judgment is **GRANTED** and plaintiff's EPA claim is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, July 28th , 2011.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[35] The Court recognizes that 28 U.S.C. § 1367 authorizes district courts to decline supplemental jurisdiction over related state law claims if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Furthermore, this Court should also consider " the common-law factors of judicial economy, convenience, fairness, and comity" in determining whether to exercise supplemental jurisdiction. *Mendoza v. Murphy*, 532 F.3d 342, 347 (5th Cir. 2008). Balancing all of these factors, the Court declines to exercise supplemental jurisdiction over Culotta's state law claims.